UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

                                    NO. CIV.S-05-1239 LKK/DAD

      Plaintiff,

  v.

                                        O R D E R

HARIA and GOGRI CORP. dba
JACK-IN-THE-BOX #551; OPT
GOLDEN HILLS VAC, LLC,

      Defendants.

_____/

    Pending before the court is plaintiff's motion for an award of attorneys' fees and costs in the amount of $30,171.88. The court decides the matter based on the papers and pleadings filed herein and without oral argument. For the reasons set forth below, the court awards $22,890.63 in fees and costs.

**I.**

**Procedural History**

    Plaintiff, Ronald Wilson, brought suit against defendants, Haria and Gogri Corporation and OPT Golden Hills VAC, LLC, pursuant to the Americans with Disabilities Act and the

1

California Unruh Act.  Plaintiff alleged that defendants denied him full and equal enjoyment in the use of the Jack-In-The-Box Restaurant in Vacaville, California.

On March 22, 2007, the court granted plaintiff's motion for summary judgment.  With regard to the ADA claim, the court found that there was no genuine dispute that plaintiff had demonstrated the elements required to prove discrimination stemming from an architectural barrier.

Plaintiff seeks attorneys' fees under the ADA and state law.  Since the court finds that plaintiff is entitled to attorneys' fees and costs under the ADA, the court does not address the standards for an award under California law.[1]

## II.

### Standard

The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  The propriety of awarding attorneys' fees turns on three elements: (1) whether the party who seeks attorneys' fees is the prevailing party; (2) whether the court should exercise its discretion to award the fees; and (3) what constitutes a reasonable award.

A prevailing party is one who has "succeed[ed] on any

---

[1] The Unruh Act provides that any person who discriminates in contravention of state law is liable for "attorney's fees as may be determined by the court."  Cal. Civ. Code § 54.3(a).

1  significant issue in litigation which achieves some of the
2  benefit the parties sought in bringing suit." Hensley v.
3  Eckerhart, 461 U.S. 424, 433 (1983)(citations and internal
4  quotation marks omitted).  A party achieves prevailing party
5  status by establishing a "clear, causal relationship between the
6  litigation brought and the practical outcome realized."
7  Rutherford v. Pitchess, 713 F.2d 1416, 1419 (9th Cir. 1983)
8  (citations and internal quotation marks omitted).
9       Although the attorneys' fees provision is stated in
10 discretionary terms, a prevailing plaintiff should ordinarily
11 recover attorneys' fees unless special circumstances would
12 render such an award unjust. Barrios v. Cal. Interscholastic
13 Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002)(citing Hensley, 461
14 U.S. at 429).  The starting point for calculating the amount of
15 a reasonable fee is the number of hours reasonably expended
16 multiplied by a reasonable hourly rate. Fischer v. SJB-P.D.
17 Inc., 214 F.3d 1115, 1119 (9th Cir. 2000)(citing Hensley, 461
18 U.S. at 433).  This lodestar figure is presumptively reasonable
19 and should only be enhanced or reduced in "rare and exceptional
20 cases." Id. (quoting Pennsylvania v. Del. Valley Citizens'
21 Council for Clean Air, 478 U.S. 546, 565 (1986)).  However, the
22 court may adjust the lodestar figure if various factors overcome
23 the presumption of reasonableness. Hensley, 461 U.S. at 433-34.
24 The court may adjust the lodestar figure on the basis of the
25 Kerr factors:
26      (1) the time and labor required, (2) the novelty and

> difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales v. City of San Rafael, 96 F.3d 359, 364 n.8 (9th Cir. 1996)(quoting Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)).[2]  See also Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002)("The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." (citation omitted)).

### III.

### Analysis

Plaintiff requests $30,171.88 in attorneys' fees and costs. For the reasons discussed herein, the court awards $22,890.63.

**A. Prevailing Party**

It is undisputed that plaintiff is the prevailing party in this action. On March 22, 2007, the court granted plaintiff's motion for summary judgment on all ADA and state law claims.

---

[2] Before the lodestar method developed, Kerr's twelve factors constituted the test for setting attorneys' fee awards in the Ninth Circuit. See Kerr, 526 F.2d at 70. At present, the court uses some of the Kerr factors in deciding the reasonableness of the hours billed and the hourly rate. Fischer, 214 F.3d at 1119 & n.3; see also Morales, 96 F.3d at 364 n.9 (listing the Kerr factors subsumed in the initial lodestar calculation).

4

**B. Discretion**

A prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust. Barrios, 277 F.3d at 1134. Defendants have not argued, and the court does not find, that there are special circumstances here that would make an award of attorneys' fees unjust.

**C. Reasonable Fee**

The starting point for calculating the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley, 461 U.S. at 433.

**1. Reasonableness of Hours Billed**

Plaintiff seeks to recover attorneys' fees for a total of 133.75 hours expended in this litigation. Decl. of Lynn Hubbard ("Lynn Hubbard Decl.") ¶ 4. In arriving at the lodestar figure, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Defendants argue generally that plaintiff's fee request includes unnecessary and excessively billed work.[3] Defendants

---

[3] Defendants also object to Lynn Hubbard's declaration in support of the motion for attorneys' fees. Several of these objections are to statements in Mr. Hubbard's declaration that the court does not rely upon. Therefore, the court need not address these objections. Evidentiary Objections ¶¶ 3-5. Defendants' other objections are to the itemization and documentation of attorney time and costs submitted by Mr. Hubbard. The time sheets listing the time attorneys and paralegals spent on legal tasks were contemporaneously prepared by Mr. Hubbard's law office, and Mr. Hubbard states that he has personal knowledge as to the accuracy

5

make two primary arguments.  First, defendants argue that "the pleadings and documents filed by Plaintiff's counsel are boiler-plate form documents."  Defs.' Opp'n to Pl.'s Mot. for Att'ys Fees 3.  Accordingly, defendants argue, plaintiff's counsel should not bill for the time it took to create the boiler plate pleadings.

   This argument is unpersuasive.  Even if the complaint is boiler-plate, "[i]t is unclear to this court . . . why uniform instances of misconduct do not justify uniform pleadings."  Wilson v. Pier 1 Imps., Inc., 411 F. Supp. 2d 1196, 1201 (E.D. Cal. 2006) (Karlton, J.)(finding that plaintiff Ronald Wilson and attorney Lynn Hubbard were not vexatious litigants).  Since the complaint includes facts specific to defendants' restaurant and details regarding the alleged barriers encountered at the property, the court concludes that the one hour counsel spent drafting the complaint was not unreasonable.

   Second, defendants argue that the fee should be reduced because "no motions were filed, and . . . this case was not prosecuted" from November 2005, when defendant Haria and Gogri

---

of the time sheets.  See Lynn Hubbard Decl. ¶ 6.  The court finds these documents to be properly submitted in support of plaintiff's fee request.  See Fischer, 214 F.3d at 1121 (noting that contemporaneous time records are the preferred form of evidentiary support for attorneys' fees requests but that even fee requests based upon reconstructed files are sufficient). The documentation of costs is similarly based on personal knowledge.  See Lynn Hubbard Decl. ¶¶ 21-22.  Accordingly, defendants' evidentiary objections to this documentation on the grounds of hearsay, lack of authentication, best evidence, and lack of personal knowledge are overruled.

1  Corporation filed its answer, to October 2006, when plaintiff
2  filed his motion for summary judgment.  Defs.' Opp'n to Pl.'s
3  Mot. for Att'ys Fees 4.
4     This argument is also unpersuasive.  A review of the time
5  sheets submitted by plaintiff's counsel show that legal work was
6  performed during that period.  Ex. B, Lynn Hubbard Decl.  For
7  instance, on December 21, 2005, Scott Hubbard wrote a letter to
8  defense counsel regarding insufficient discovery responses.  Id.
9  On April 5, 2006, Lynn Hubbard reviewed plaintiff's amended
10 initial disclosures.  Id.  Similarly, on July 14, 2006, Lynn
11 Hubbard wrote a letter to defense counsel outlining the
12 remaining injunctive relief to be completed and disclosing
13 plaintiff's intention to file a motion for summary judgment,
14 among other things.  Id.  In short, there is adequate
15 documentation to show that during the period of time that
16 defendants claim the case languished, plaintiff's counsel was
17 performing legal work.
18    Since defendants have not identified any tasks for which
19 the hours billed are excessive, redundant, or otherwise
20 unnecessary, the court concludes that the hours billed are
21 reasonable.
22    **2. Reasonable Hourly Rate**
23    The court determines the reasonable hourly rate "according
24 to the prevailing market rates in the relevant community," Blum
25 v. Stenson, 465 U.S. 886, 895 (1984), which is typically the one
26 in which the district court sits, Davis v. Mason County, 927

F.2d 1473, 1488 (9th Cir. 1991), overruled on other grounds by Davis v. City & County of San Francisco, 976 F.2d 1536 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). The party moving for attorneys' fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987)(citing Blum, 465 U.S. at 895-97 & n.11).

Plaintiff seeks a raise in the hourly rate awarded to ADA attorneys in the Eastern District of California. Plaintiff asks the court to increase the rate for lead counsel from $250 to $325, for associate counsel from $150 to $200, and for paralegals from $75 to $100. Additionally, plaintiff asks the court to "increase [Scott Hubbard's] hourly rate to $475 to match his knowledge, expertise, and skill as an expert in ADA law." Pl.'s Mot. for Att'ys Fees 4.

To support his request for an increase in the hourly rates, plaintiff cites a statistic from the United States Department of Labor that inflation has increased 25% nationwide since 1998. Pl.'s Mot. For Att'ys Fees 4. This statistic is insufficient to show that in this district, the relevant location for determining reasonable hourly rates, there was a similar increase in inflation and a corresponding increase in the prevailing market rates for ADA attorneys.

1    Plaintiff has also provided the court with the declarations
2 of two attorneys practicing disability rights litigation in the
3 Eastern District who charge a higher hourly fee than the court
4 routinely awards.  This evidence fails to establish that the
5 rates charged by these attorneys are the prevailing rates in the
6 Sacramento community.  The court therefore finds that plaintiff
7 has failed to produce satisfactory evidence that the requested
8 rate increases are in line with those prevailing in the
9 community.
10    In his request that the court increase Scott Hubbard's fee
11 to $475 per hour, plaintiff challenges the court to name another
12 party, attorney, or expert witness with greater knowledge of
13 disability law than Scott Hubbard.  This burden does not lie
14 with the court.  It is the plaintiff's burden to produce
15 satisfactory evidence that the requested hourly rate is aligned
16 with prevailing rates in this community. Jordan, 815 F.2d at
17 1263.  As stated above, plaintiff has failed to establish that
18 the prevailing rates in the Sacramento area are higher than the
19 rates that are routinely awarded.  Plaintiff has also failed to
20 show that Scott Hubbard should be compensated above the market
21 rate for an associate attorney.  The court therefore denies
22 plaintiff's request to increase Scott Hubbard's hourly rate to
23 $475.
24    Prevailing rates for ADA litigation in Sacramento are $250
25 per hour for an experienced attorney, $150 for an associate, and
26 $75 for a paralegal.  See, e.g., Martinez v. G. Maroni Co., No.

9

Civ. S-06-1399, 2007 WL 1302739, at *2 (E.D. Cal. May 2, 2007)(Levi, J.)(awarding Lynn Hubbard $250 per hour and his associate $150); Martinez v. Thrifty Payless, Inc., No. 2:02-CV-0745, 2006 WL 279309, at *3 (E.D. Cal. Feb. 6, 2006)(England, J.) (awarding Lynn Hubbard $250 per hour and Scott Hubbard $150). Accordingly, the court will apply the hourly rates of $250 for Lynn Hubbard, $150 for Scott Hubbard and Mark Emmet, and $75 for paralegals.

### 3. Lodestar adjustment

The lodestar figure is presumptively reasonable and should only be enhanced or reduced in "rare and exceptional cases." Fischer, 214 F.3d at 1119. Defendants argue, but cite no binding or persuasive authority to suggest, that the lodestar should be reduced because plaintiff litigated established legal issues instead of seeking the formation of new law. The novelty and complexity of the issues litigated and the results obtained may not be considered in the lodestar adjustment because these factors are subsumed in the initial lodestar determination.[4] See Jordan, 815 F.2d at 1262.

The remaining Kerr factors that may be considered in the court's determination of whether to adjust the lodestar do not indicate that this is a rare or exceptional case requiring

---

[4] Even if the court could properly consider these factors, they are unpersuasive in a suit brought under the ADA, which Congress chose to enforce through private litigation. See 42 U.S.C. § 12188. The purpose of the statute and fees provision was clearly to encourage the kind of litigation defendants decry. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 644 (2001)(Ginsburg, J., dissenting).

10

1  reduction or enhancement of the fee.  The court therefore awards
2  plaintiff's counsel the lodestar amount.

3     **4. Litigation Expenses and Costs**

4     The ADA provides that the prevailing party can recover
5  litigation expenses and costs in addition to attorneys' fees.
6  42 U.S.C. § 12205.  Plaintiff requests a total of $2,403.13 in
7  costs and other expenses, specifically: filing and service of
8  process fees, depositions, courier services, and other
9  litigation expenses.  Lynn Hubbard Decl. ¶ 21.  Defendants ask
10 the court to disallow plaintiff's "unexplained and overly vague
11 and absolutely unsubstantiated demand for costs" because
12 plaintiff "has provided no evidence to support his claim for
13 expenses."  Defs.' Opp'n to Pl.'s Mot. for Att'ys Fees 9.
14 Contrary to defendants' assertion, plaintiff has provided the
15 court with an itemized list of the claimed litigation expenses
16 and costs.  Ex. C, Lynn Hubbard Decl.

17    The only exception pertains to plaintiff's request for
18 reimbursement of "other litigation expenses."  Plaintiff's
19 itemization of expenses and costs lists the "other litigation
20 expenses" as a preliminary site report and an asset report.  Id.
21 Lynn Hubbard describes the preliminary site report in his
22 declaration, but fails to explain what the asset report is or
23 why it is required.  Lynn Hubbard Decl. ¶ 22.  Because the asset
24 report lacks sufficient documentation, the court will deduct
25 this expense.  Plaintiff's costs and expenses are therefore
26 reduced by $550.

In sum, the court finds that plaintiff is entitled to recover $1,853.13 in litigation expenses and costs.

### IV. Conclusion

For the foregoing reasons, the court awards plaintiff's attorneys' fees and costs in the following amounts:

| | | |
|---|---|---|
| Lynn Hubbard: | 55.2 hours @ $250/hr = | $13,800 |
| Scottlynn Hubbard: | 9.55 hours @ $150/hr = | $1,432.50 |
| Mark Emmett: | 12.3 hours @ $150/hr = | $1,845 |
| Paralegals: | 52.8 hours @ $75/hr = | $3,960 |
| Litigation expenses and costs: | = | $1,853.13 |
| Total attorneys' fees and costs: | | $22,890.63 |

It is therefore ORDERED that plaintiff's motion for attorneys' fees and costs is GRANTED in the total sum of $22,890.63.

IT IS SO ORDERED.

DATED:  June 20, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12